## NATHAN BLAIN v. T. D. GRUNDY.

**Replevin—Failure to Execute Bond.**

Where no bond was executed in an action for recovery of specific personal property, as required by Civil Code, a judgment for plaintiff will be reversed.

### APPPEAL FROM McCRACKEN CIRCUIT COURT.

September 19, 1873.

OPINION BY JUDGE PRYOR:

This judgment must be reversed. It seems that no bond was executed by the appellant upon the institution of this action in order to obtain possession of the property, nor is there any return made by the sheriff showing that it was delivered to him. The code of practice provides the manner in which an action shall be brought for the recovery of specific personal property and also the mode of obtaining the possession before the trial.

The action in this case was nothing more than an action of detinue under the original form of pleading, and the verdict, if the plaintiff was not the owner of the property, should have been for the defendant. By this judgment the plaintiff is made liable for the debt and damages, whilst the sheriff or the plaintiffs in the execution have possession of the property.

Wherefore the judgment is reversed and cause remanded with directions to award to the plaintiff a new trial and for further proceedings consistent with this opinion.

*Josh. Harris, Jr., for appellant.*

*B. G. Bidwell, for appellee.*